**Roman Dorsett BARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–01653–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 5, 2004.

Lawrence B. Mitchell, Dallas, Vicki L. Solomon, Rockwall, for Appellant.

William T. (Bill) Hill, Jr., Karen R. Wise, Asst. Dist. Atty., Dallas, for State.

Before Justices WRIGHT, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

Roman Dorsett Barnes appeals his conviction for murder. A jury found appellant guilty, found the enhancement paragraph true, and assessed appellant's punishment at confinement for ninety-nine years. In two issues, appellant asserts (1) the trial court erred by overruling his objection to the notice of the enhancement allegation and (2) the jury charge at the guilt phase was fundamentally defective. We affirm the trial court's judgment.

### NOTICE OF ENHANCEMENT ALLEGATION

In his first issue, appellant asserts the trial court erred by overruling his objection to the notice of enhancement. The State filed its notice of enhancement on October 13, 2003, and jury selection began seven days later on October 20. The punishment phase began on October 23, ten days after notice of the enhancement allegation. Appellant argues the notice was inadequate because he is entitled to ten days' notice of the enhancement allegation. Appellant observes that under article 28.10(a) of the code of criminal procedure, a defendant is entitled to "not less than ten days ... to respond to the amended indict-

ment or information." Tex.Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989). Appellant acknowledges that the enhancement allegation did not have to be, and was not, alleged in the indictment, but he asserts "he should be afforded the same time frame to respond to a Motion to enhance punishment which is the 'pleading' equivalent to the amendment of the indictment." However, the notice is not part of the indictment, and it is not subject to the statute's mandatory ten-day-notice period. Ten days' notice of the enhancement allegation is presumptively reasonable, but as this Court has stated, "we will not determine a certain time frame for timely notice. . . ." *Fairrow v. State,* 112 S.W.3d 288, 295 (Tex.App.-Dallas 2003, no pet.).

■ Accordingly, we must determine whether the notice appellant received in this case was reasonable. The Beaumont Court of Appeals has held notice of intent to enhance punishment given on a Friday before a Monday trial was unreasonable. *See Sears v. State,* 91 S.W.3d 451, 454—55 (Tex.App.-Beaumont 2002, no pet.). This Court held notice of intent to enhance punishment given the day of trial did not afford proper notice. *Fairrow,* 112 S.W.3d at 294—95. In this case, appellant received notice of the State's intent to enhance punishment seven days before trial. Appellant stated in his argument to the trial court that the parties had presented their argument in chambers and the trial court "[felt] like we had ample notice." The record does not show appellant presented to the trial court any argument or evidence of surprise or inadequate time to prepare to respond to the enhancement allegation. At the punishment phase, when appellant was arraigned on the enhancement allegation, appellant pleaded "true" to the allegation and did not complain that he had inadequate time to respond to the allegation. On appeal, appel-

lant argues that the less-than-ten-days' notice "could have affected appellant's response to any plea bargain offer and may have affected his choice of judge or jury as the assessor of punishment." The record does not show any plea-bargain offers were pending or that appellant sought to change his election of the jury as the punishment assessor after learning of the State's intent to enhance his punishment.

We conclude appellant has failed to show the trial court erred in overruling appellant's objection to the notice of enhancement. We resolve appellant's first issue against him.

## JURY CHARGE

■ In his second issue, appellant asserts the jury charge on self-defense is fundamentally defective. The self-defense instruction in the charge stated,

Now, if you find from the evidence beyond a reasonable doubt that on the occasion in question, the defendant, Roman Dorsett Barnes, did cause the death of Jay Jackson by shooting him with a firearm, as alleged in the indictment, but you further find from the evidence, as viewed from the standpoint of the defendant at the time, that from the words or conduct, or both of Jay Jackson, it reasonably appeared to the defendant that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Jay Jackson, and that acting under such apprehension and reasonably believing that the use of deadly force on his part was immediately necessary to protect himself against Jay Jackson's use or attempted use of unlawful deadly force, he shot Jay Jackson with a firearm and that a reasonable person in defendant's situation would not have re-

treated, then you should acquit the defendant on the grounds of self defense; or if you have a reasonable doubt as to whether or not the defendant was acting in self defense on said occasion and under the circumstances, then you should give the defendant the benefit of that doubt and say by your verdict not guilty.

Appellant did not object to the submission of this instruction.

Appellant argues this instruction is erroneous because it required the jurors to "find from the evidence beyond a reasonable doubt" that appellant acted in self-defense before they could acquit him on self-defense. *See* TEX. PEN.CODE ANN. §§ 2.03, 9.02, 9.32 (Vernon 2003). Appellant misreads the instruction—it does not require the jurors to find beyond a reasonable doubt that appellant acted in self-defense to acquit. Instead, it instructs the jurors to acquit if (1) they "find from the evidence" the facts establishing self-defense or (2) they have a reasonable doubt on whether appellant acted in self-defense. This instruction properly placed the burden on appellant to produce evidence raising the defense, placed the burden of persuasion on the State to disprove the defense, and required the jurors to acquit if they had a reasonable doubt about the defense. *See Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim.App.1991) (discussing the State's and defendant's burdens on self-defense); *see also* TEX. PEN.CODE ANN. § 2.03(d) ("the court shall charge that a reasonable doubt on the [defense] requires that the defendant be acquitted"). We conclude the submitted charge was not erroneous. We resolve appellant's second issue against him.

We affirm the trial court's judgment.