**Frank RICHARDSON, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00144–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 17, 2005.

Decided Aug. 17, 2005.

Ebb Mobley, Longview, for appellant.

Ray Bowman, Assistant District Attorney, Longview, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

A jury convicted Frank Richardson of aggravated assault with a deadly weapon. Richardson's punishment, enhanced by two prior felony convictions, was set by the jury at forty years' confinement.

Richardson's only contention on appeal is that his conviction should be reversed because the State's notice that it intended to enhance his punishment by prior convictions was untimely. We reject this contention and affirm the judgment.

If the State intends to enhance a defendant's punishment by prior convictions, it must give the defendant reasonable notice of its intent by some kind of pleading. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex.Crim.App.1997); *Cochran v. State*, 107 S.W.3d 96 (Tex.App.-Texarkana 2003, no pet.). There is no statutory requirement that the notice of enhancement be given at any specific time before trial, but a judicial rule has been adopted that notice given at least ten days before trial is presumptively reasonable. *Splawn v. State*, 160 S.W.3d 103 (Tex.App.-Texarkana 2005, pet. filed); *McNatt v. State*, 152 S.W.3d 645 (Tex.App.-Texarkana 2004, pet. filed); *Fairrow v. State*, 112 S.W.3d 288, 295 (Tex.App.-Dallas 2003, no pet.). However, courts have found notice reasonable when given less than ten days before trial. *See*

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

*Hackett v. State,* 160 S.W.3d 588 (Tex. App.-Waco 2005, no pet.); *Barnes v. State,* 152 S.W.3d 144 (Tex.App.-Dallas 2004, no pet.). Thus, the presumption that reasonableness requires a minimum of ten days' notice may be rebutted depending on the circumstances of the case and the actions of the defendant and the State. For example, in *Hackett,* where only five days' notice was given, the State gave notice as soon as it became aware of the enhancement convictions. The defendant was "well aware" of the enhancements, and he did not move for a continuance after receiving notice of the intent to enhance. In *Barnes,* where notice was given only seven days before trial, the defendant did not present any evidence or argument of surprise or inadequate time to prepare to defend against the enhancements. The defendant pleaded true to the enhancement allegations and did not seek to change his selection of the jury as the assessor of his punishment after learning of the State's intent to enhance the punishment.

We conclude that the ten days reasonableness presumption was rebutted in this case as well. Richardson's case was set for a guilty plea on September 16, 2004. Apparently Richardson and the State had agreed on a plea arrangement where Richardson would plead guilty and the State would recommend a punishment of fifteen years with no enhancement of the punishment. This was stated at the guilty plea hearing on September 16, 2004, with Richardson and his attorney present. At the guilty plea hearing, however, Richardson rejected the plea arrangement and told the trial court he wanted to hire an attorney and go to trial. At that time, the prosecutor stated into the record:

Ms. Nielsen: Your Honor, if I can just add something. I know Mr. Hurlburt has made his client aware of this, but I'd like it to be on the record as well. The defendant, if found guilty, is an habitual felon and is looking at 25 minimum if I enhance him, which I have not done.

The Court: With a deadly weapon?

Ms. Nielsen: Correct. And today it's capped at 20 years, and I know that Mr. Hurlburt has relayed the fact that the State's recommendation would be 15. If he were to pull back or try to find another counsel, this afternoon I will file the enhancement notice, and the very minimum will be 25 years. And I know he's aware of that. I just want it on the record.

The guilty plea hearing was on Thursday. The State filed its written enhancement notice on the following Tuesday, September 21, 2004, which was two week days and two weekend days after the plea hearing and six days before the trial began on September 27, 2004.

The State at first refrained from using enhancements because there was an agreement for a guilty plea, and the State only sought enhancements after Richardson rejected the plea arrangement. The written notice of the intent to enhance was filed six days before the trial began. Richardson did not move for a continuance; he was fully informed on September 16, eleven days before trial, about the State's intent to use the enhancements; he has not claimed or produced evidence that he was surprised or lacked time to prepare to defend against the enhancements; and he pleaded true to the enhancement allegations at the punishment stage of the trial. In view of all these facts and circumstances, we conclude the State's notice of intent to use enhancements was reasonable and timely.

For the reasons stated, we affirm the judgment of the trial court.