In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00144-CR
______________________________


FRANK RICHARDSON, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31,643-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Cornelius, *JJ.
Opinion by Justice Cornelius

_____________________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â A jury convicted Frank Richardson of aggravated assault with a deadly weapon. Richardson's
punishment, enhanced by two prior felony convictions, was set by the jury at forty years'
confinement.
Â Â Â Â Â Â Â Â Â Â Â Â Richardson's only contention on appeal is that his conviction should be reversed because the
State's notice that it intended to enhance his punishment by prior convictions was untimely. We
reject this contention and affirm the judgment.
Â Â Â Â Â Â Â Â Â Â Â Â If the State intends to enhance a defendant's punishment by prior convictions, it must give
the defendant reasonable notice of its intent by some kind of pleading. Brooks v. State, 957 S.W.2d
30, 33 (Tex. Crim. App. 1997); Cochran v. State, 107 S.W.3d 96 (Tex. App.âTexarkana 2003, no
pet.). There is no statutory requirement that the notice of enhancement be given at any specific time
before trial, but a judicial rule has been adopted that notice given at least ten days before trial is
presumptively reasonable. Splawn v. State, 160 S.W.3d 103 (Tex. App.âTexarkana 2005, pet.
filed); McNatt v. State, 152 S.W.3d 645 (Tex. App.âTexarkana 2005, pet. filed); Fairrow v. State,
112 S.W.3d 288, 295 (Tex. App.âDallas 2003, no pet.). However, courts have found notice
reasonable when given less than ten days before trial. See Hackett v. State, 160 S.W.3d 588 (Tex.
App.âWaco 2005, no pet.); Barnes v. State, 152 S.W.3d 144 (Tex. App.âDallas 2004, no pet.). 
Thus, the presumption that reasonableness requires a minimum of ten days' notice may be rebutted
depending on the circumstances of the case and the actions of the defendant and the State. For
example, in Hackett, where only five days' notice was given, the State gave notice as soon as it
became aware of the enhancement convictions. The defendant was "well aware" of the
enhancements, and he did not move for a continuance after receiving notice of the intent to enhance. 
In Barnes, where notice was given only seven days before trial, the defendant did not present any
evidence or argument of surprise or inadequate time to prepare to defend against the enhancements.
The defendant pleaded true to the enhancement allegations and did not seek to change his selection
of the jury as the assessor of his punishment after learning of the State's intent to enhance the
punishment.
Â Â Â Â Â Â Â Â Â Â Â Â We conclude that the ten days reasonableness presumption was rebutted in this case as well. 
Richardson's case was set for a guilty plea on September 16, 2004. Apparently Richardson and the
State had agreed on a plea arrangement where Richardson would plead guilty and the State would
recommend a punishment of fifteen years with no enhancement of the punishment. This was stated
at the guilty plea hearing on September 16, 2004, with Richardson and his attorney present. At the
guilty plea hearing, however, Richardson rejected the plea arrangement and told the trial court he
wanted to hire an attorney and go to trial. At that time, the prosecutor stated into the record:
Ms. Nielsen:Your Honor, if I can just add something. I know Mr. Hurlburt
has made his client aware of this, but I'd like it to be on the record as well. The
defendant, if found guilty, is an habitual felon and is looking at 25 minimum if I
enhance him, which I have not done.
Â 
The Court:With a deadly weapon?
Â 
Ms. Nielsen:Correct. And today it's capped at 20 years, and I know that
Mr. Hurlburt has relayed the fact that the State's recommendation would be 15. If he
were to pull back or try to find another counsel, this afternoon I will file the
enhancement notice, and the very minimum will be 25 years. And I know he's aware
of that. I just want it on the record.

Â Â Â Â Â Â Â Â Â Â Â Â The guilty plea hearing was on Thursday. The State filed its written enhancement notice on
the following Tuesday, September 21, 2004, which was two week days and two weekend days after
the plea hearing and six days before the trial began on September 27, 2004.
Â Â Â Â Â Â Â Â Â Â Â Â The State at first refrained from using enhancements because there was an agreement for a
guilty plea, and the State only sought enhancements after Richardson rejected the plea arrangement. 
The written notice of the intent to enhance was filed six days before the trial began. Richardson did
not move for a continuance; he was fully informed on September 16, eleven days before trial, about
the State's intent to use the enhancements; he has not claimed or produced evidence that he was
surprised or lacked time to prepare to defend against the enhancements; and he pleaded true to the
enhancement allegations at the punishment stage of the trial. In view of all these facts and
circumstances, we conclude the State's notice of intent to use enhancements was reasonable and
timely.
Â 
Â 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â For the reasons stated, we affirm the judgment of the trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â William J. Cornelius
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice*

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

Date Submitted:Â Â Â Â Â Â Â Â Â Â June 17, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 17, 2005

PublishÂ 








false" Name="Light Grid Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00146-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ROBERT WESLEY PRESTON,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 3rd Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Henderson
County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. C-16,768

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Robert
Wesley Preston appeals his conviction for possession of methamphetamine, four
grams or more, but less than 200 grams.[1]Â  See
Tex. Health & Safety Code Ann.
Â§ 481.115(d) (Vernon 2010).Â  The State
agreed to abandon another count charging possession with intent to deliver the
same amount of methamphetamine, a first degree felony,[2] and
two enhancement paragraphs.[3]Â  The trial court sentenced Preston to
seventeen yearsÂ imprisonment.Â  

Â Â Â Â Â Â Â Â Â Â Â  PrestonÂs
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail; counsel goes on to suggest three possible appellate
points, and why those points would not be successful.Â  We agree with counselÂs research and
interpretation of the record and applicable law.Â  Specifically:Â 
The record establishes Preston pled guilty to a second degree felony
offense knowingly and voluntarily,[4]
so it could not be said the trial court abused its discretion in finding
Preston guilty.Â  Evidence Preston was in
possession of methamphetamine a few months after the charged offense, while he
was free on bond for that offense, was admissible as punishment evidence.[5]Â  See
Tex. Code Crim. Proc. Ann. art.
37.07, Â§ 3(a)(1) (Vernon Supp. 2010).Â 
Finally, counsel points out there is sufficient evidence in the record
supporting a finding of guilt beyond a reasonable doubt.Â  In addition to PrestonÂs plea of guilty,
there is a signed stipulation of evidence and judicial confession and waiver of
right to jury trial; and the offense report describing the laboratory and drugs
found was admitted as evidence.Â  

Â Â Â Â Â Â Â Â Â Â Â  Counsel
has provided a professional evaluation of the record demonstrating why, in
effect, there are no arguable grounds to be advanced. Â This meets the requirements of Anders v. California, 386 U.S. 738, 744
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).Â  Additionally, this Court has reviewed the
record and finds no reversible error.Â  See Anders,
386 U.S. at 744; Bledsoe v. State,
178 S.W.3d 824, 826Â827 (Tex. Crim. App. 2005).Â 


Â Â Â Â Â Â Â Â Â Â Â  Counsel
mailed a copy of the brief to Preston on January 28, 2011, informing Preston of
his right to file a pro se response and of his right to review the record. Â Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal. Â Preston has filed no pro se response.

Â Â Â Â Â Â Â Â Â Â Â  Having found no genuinely arguable
issue for appellate review, we find the appeal to be frivolous.Â  Consequently, we affirm the judgment of the
trial court.[6]

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  May 16, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  May 18, 2011

Â 

Do Not Publish

Â 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.Â  See Tex. GovÂt Code Ann. Â§Â 73.001
(Vernon 2005).Â  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.Â  See Tex. R. App. P. 41.3.

Â 





[2]See Tex.
Health & Safety Code Ann. Â§ 481.112(d) (Vernon 2010).Â  

Â 





[3]See Tex.
Penal Code Ann. Â§ 12.42(d) (Vernon Supp. 2010).

Â 





[4]Based
on statements and arguments by his attorney, PrestonÂs strategy was to get the
trial court to place Preston on community supervision.Â  See
Tex. Code Crim. Proc. Ann. art.
42.12, Â§ 3 (Vernon Supp. 2010).

Â 





[5]The
deputy at the scene on the day of the extraneous offense identified Preston as
one of the men who ran from the deputy; a rock of methamphetamine was found on
the ground along the route the men ran.Â 
This incident occurred on PrestonÂs property, the same location where he
had earlier been found present in the midst of a methamphetamine laboratory
(which incident was the basis of the second degree felony to which Preston pled
guilty, i.e., the instant offense).Â  





[6]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counselÂs request to
withdraw from further representation of appellant in this case. Â No substitute counsel will be appointed. Â Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review. Â Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court. Â See Tex. R. App. P. 68.2. Â Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case. Â See Tex. R. App. P. 68.3. Â Any petition for discretionary review should
comply with the requirements of Rule 68 of the Texas Rules of Appellate
Procedure.Â  See Tex. R. App. P.
68.