IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00336-CR

 

Jeffrey C. Vaccaro,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 03-05-13639-BCCR

 



MEMORANDUM  Opinion



 








          A jury convicted Jeffrey C. Vaccaro of
felony driving while intoxicated.  After Vaccaro pleaded “true” to enhancement
allegations, the jury found that his car was a deadly weapon and assessed his
punishment at thirty-five years’ imprisonment.  Vaccaro contends in seven
issues that: (1) the evidence is legally and factually insufficient to prove
that he was intoxicated when he was driving his pickup truck (two issues); (2)
his right to due process was violated when the court permitted the State to refer
to his prior DWI convictions before the jury on several occasions even though
he stipulated to them before trial; (3) his right to due process was violated
because the indictment alleged prior felony DWI convictions under the general
enhancement provisions of the Penal Code to enhance his punishment to that for
an habitual offender; (4) his right to due process was violated when the court
permitted the jury to view a videotape in its entirety during deliberations
even though only selected portions of the videotape had been admitted in
evidence; (5) his right to due process was violated when the court submitted a
deadly-weapon question in the charge because the State did not give adequate
notice of its intent to seek a deadly-weapon finding; and (6) he received
ineffective assistance of counsel.[1]

          We will affirm.

Legal and Factual Sufficiency

          Vaccaro contends in his first and
second issues respectively that the evidence is legally and factually
insufficient to prove that he was intoxicated when he was driving his pickup.

          When reviewing a legal insufficiency
complaint, we consider all the evidence in the record and ask “whether, after
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.”  Moff v. State, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) (quoting Jackson v. Va., 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)).   

          When reviewing a factual insufficiency
complaint, we ask whether a neutral review of all the evidence, though legally
sufficient, demonstrates either that the proof of guilt is so weak or that
conflicting evidence is so strong as to render the jury’s verdict clearly wrong
and manifestly unjust.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
 We review the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compare it with the evidence
that tends to disprove that fact.  Johnson, 23 S.W.3d at 7.  We
do not indulge in inferences or confine our view to evidence favoring one side.
 Rather, we look at all the evidence on both sides and then make a
predominantly intuitive judgment.  Id.

          The complainant Rose Zapata testified
that Vaccaro rear-ended her car shortly after 9:00 p.m. on the date in
question.  Vaccaro opened the door of his pickup truck but remained in the
driver’s seat.  He told Zapata that he did not have his driver’s license or
insurance, but he wrote his name down for her.  Zapata then noticed that he
“smelled [of] liquor.”  When he got out of the truck, he “couldn’t stand
straight” or “speak clearly.”  Vaccaro became angry when he noticed the damage
to his pickup.  Zapata got in her car, and Vaccaro started “banging” on it. 
She again “smell[ed] the alcohol on him” as he stood by her window.  Although
he was “yelling” and “cussing” at her, she did not argue with him because “he
was drunk.”  Vaccaro then left the scene.

          Zapata returned home and called the
police.  When an officer responded, she gave him Vaccaro’s name and license
plate number and a description of his pickup.  A sheriff’s deputy and a DPS
trooper located Vaccaro’s pickup in a parking lot at about 10:00 p.m. and found
him asleep in the driver’s seat.  They awakened Vaccaro and had him get out. 
The deputy testified that he smelled “a heavy odor or alcoholic beverage”
coming from Vaccaro, that Vaccaro was “confused,” and that his eyes were
“bloodshot and watery.”  A portable breath testing device indicated the
presence of alcohol.  Thus, the deputy concluded that Vaccaro was intoxicated.

          The trooper testified that Vaccaro had
slurred speech, “a strong odor about him,” a lack of balance, and “didn’t have
any idea where he was.”  The trooper relied on these observations plus
Vaccaro’s earlier involvement in the collision with Zapata to conclude that he
was intoxicated.

          The officers also discovered two open
beer cans and ten unopened cans in the cab of Vaccaro’s pickup.

          Vaccaro does not challenge the
sufficiency of the evidence to prove he was intoxicated at the time of his
arrest.  Rather, Vaccaro contends that there is legally and factually
insufficient evidence to prove he was intoxicated when his pickup rear-ended
Zapata’s car.  He cites Stoutner v. State, 36 S.W.3d 716 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d), for the proposition that evidence of intoxication at
the moment of arrest is not necessarily sufficient to prove intoxication while
driving if an unknown period of time elapsed between the time of driving and
the time of arrest.  See id. at 721 (citing Weaver v. State, 721
S.W.2d 495, 498-99 (Tex. App.—Houston [1st Dist.] 1986, pet. ref’d)).

          We agree that this is a correct
proposition.  However, the facts of Vaccaro’s case are similar to those in Chaloupka
v. State, 20 S.W.3d 172 (Tex. App.—Texarkana 2000, pet. ref’d).  There, the
defendant was involved in a collision then fled the scene at a high rate of
speed.  Id. at 174.  Witnesses followed the defendant to a rest area
where he stopped, went to a picnic table, and began drinking beer.  Id.  A trooper testified that he was intoxicated when the trooper arrested him at
the rest area.  Id.

          The Texarkana Court agreed that the
trooper’s testimony did not establish that the defendant was intoxicated while
driving.  Id. at 175.  However, the court held that the other witnesses’
testimony was sufficient to establish this element of the State’s case.

The evidence does demonstrate that Chaloupka was
driving erratically on the highway and caused a collision, as testified by two
drivers and the driver of the vehicle that was struck; there was evidence that
when he left his vehicle at the rest area, he was stumbling and could not keep
his balance.  This evidence, independent of the testimony by the police
officer, showed that he had been driving without the normal use of his physical
faculties.

 

Id.

          The same analysis applies to Vaccaro’s
case.  Therefore, when Zapata’s testimony is viewed in the light most favorable
to the verdict, the evidence is legally sufficient to establish that Vaccaro
was intoxicated when he rear-ended her car.

          For his factual sufficiency challenge,
Vaccaro refers to testimony of friends who testified that he was not
intoxicated when they last saw him, almost two hours before the collision. 
Although we agree that this evidence would support a finding that Vaccaro was
not intoxicated when he rear-ended Zapata’s car, this evidence is not so strong
as to render the jury’s verdict clearly wrong and manifestly unjust.  See
Watson, 204 S.W.3d at 414-15.

          Accordingly, we overrule Vaccaro’s
first and second issues.

Stipulation to Prior Convictions

          Vaccaro contends in his third issue
that his right to due process was violated when the court permitted the State
to refer to his prior DWI convictions before the jury on several occasions even
though he stipulated to them before trial.  He specifically complains that the
State improperly referred to the prior convictions during voir dire, during the
reading of the indictment at the beginning of trial, and during closing
argument.

          The parties stipulated in writing to
Vaccaro’s prior DWI convictions before trial.  During voir dire, the prosecutor
generally commented to the venire panel that “the indictment goes on to talk
about the requisite prior convictions necessary to make this a felony DWI.” 
Vaccaro did not object to this comment.

          At the beginning of the
guilt-innocence phase, the prosecutor read the allegations of the indictment to
the jury including allegations of four prior DWI convictions alleged to elevate
the present offense to a felony.  See Tex.
Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon 2007).  Again, Vaccaro
did not object.

          In closing argument, the prosecutor
referred to the portion of the charge requiring the jury to find that Vaccaro
had at least two prior DWI convictions.  The prosecutor then called the jury’s
attention to Vaccaro’s stipulation to his prior DWI convictions, which had been
admitted without objection.  Vaccaro objected when the prosecutor encouraged
the jury to examine the stipulation to decide whether he had been previously
convicted as alleged.  The court overruled Vaccaro’s objection.

          Vaccaro has not preserved for
appellate review his complaints regarding the prosecutor’s comment during voir
dire and the reading of the indictment.  See Tex. R. App. P. 33.1(a)(1).

          The Court of Criminal Appeals has
recently categorized the appropriate procedures to be followed when a defendant
stipulates to prior DWI convictions in a felony DWI trial.  See Martin v.
State, 200 S.W.3d 635, 640-41 (Tex. Crim. App. 2006).  Among those
procedures are the following:

During the trial, the jury may be informed of
the stipulation and any written stipulation may be offered into evidence before
the jury, but the evidence is sufficient to support a defendant’s conviction
even if the stipulation is not given or read to the jury;

 

The jury charge must include some reference to
the jurisdictional element of two prior DWI convictions in a felony DWI trial;

 

The jury charge must include some reference to
the defendant’s stipulation and its legal effect of establishing the
jurisdictional element.  

 

Id.

          Accordingly, the court did not err by
overruling Vaccaro’s objection to the prosecutor’s closing argument encouraging
the jury to examine the stipulation.  Thus, we overrule Vaccaro’s third issue.

General Enhancement Allegations

          Vaccaro contends in his fourth issue
that his right to due process was violated because the indictment alleged prior
felony DWI convictions under the general enhancement provisions of the Penal
Code to enhance his punishment to that for an habitual offender.  However,
Vaccaro did not object to the indictment on this basis.  Moreover, this Court
has previously concluded that a prior felony DWI conviction may be employed as a
general enhancement allegation under section 12.42 of the Penal Code so long as
the same prior DWI conviction is not also employed to elevate the current
offense to a felony DWI under section 49.09 of the Penal Code.  See Maibauer
v. State, 968 S.W.2d 502, 504-05 (Tex. App.—Waco 1998, pet. ref’d). 
Therefore, we overrule Vaccaro’s fourth issue.

Videotape

          Vaccaro contends in his fifth issue
that his right to due process was violated when the court permitted the jury to
view a videotape in its entirety during deliberations even though only selected
portions of the videotape had been admitted in evidence.

          Vaccaro offered the videotape in
question as Defendant’s Exhibit No. 1 during his cross-examination of the
deputy who participated in his arrest.  Vaccaro did not offer a redacted
version or request a limiting instruction, and the court admitted the exhibit
without limitation.  After the videotape was cued to the correct spot, the
parties stated on the record that only certain portions of it were relevant and
admissible.  Vaccaro played a brief segment of the video to demonstrate that
the deputy determined in only two minutes that he was intoxicated.

          The State later played a portion of
the videotape while questioning the trooper.  The segment played at this
juncture depicted the officers’ initial encounter with Vaccaro, his arrest, and
the search of his pickup which resulted in the discovery of the opened and
unopened beer cans.  The State then offered the videotape in evidence, but the
court responded that it had already been admitted.

          After deliberations began, the bailiff
reported to the court that the jurors “want[ed] to see the exhibits, including
the video.”  With the parties present in the courtroom, the court instructed
the bailiff, “They want the exhibits, let’s let them have them.”  Vaccaro did
not object to delivering the videotape and other exhibits to the jurors.

          After conviction, Vaccaro filed a
motion for new trial in which he argued that the jury impermissibly viewed the
entirety of the videotape even though the parties intended to offer only
selected portions in evidence.  Vaccaro’s trial counsel testified that while
the jury was deliberating he overheard the jury viewing other portions of the
videotape in which the trooper referred to the results of Vaccaro’s portable
breath test.  Counsel conceded on cross-examination, however, that he did not
object when he heard this nor did he object or request a limiting instruction
when the jury initially asked for the exhibits and the bailiff delivered the
videotape and the other exhibits to the jury room.

          Because the videotape was admitted
without limitation, even though the parties agreed on the record that some of
the matters depicted therein were inadmissible, Vaccaro is estopped to complain
about the admission of the videotape in evidence.  See Willover v. State,
70 S.W.3d 841, 846 (Tex. Crim. App. 2002).  And because the videotape was
admitted without limitation, Vaccaro is estopped to complain that the jury
reviewed the entirety of the videotape.

          In Willover, the defendant
sought to introduce a videotape in evidence for impeachment purposes, but the
trial court refused to admit the evidence because portions of it were
inadmissible and the court had no means to edit the inadmissible portions.  See
id.  The Court of Criminal Appeals held that the trial court did not abuse
its discretion by excluding the evidence because the defendant failed to
segregate and offer only the admissible portions.  Id. at 846-47.  As
the Court explained:

The trial court need never sort through
challenged evidence in order to segregate the admissible from the excludable,
nor is the trial court required to admit only the former part or exclude only
the latter part.  If evidence is offered and challenged which contains some of
each, the trial court may safely admit it all or exclude it all, and the losing
party, no matter who he is, will be made to suffer on appeal the consequences
of his insufficiently specific offer or objection.

 

Id.
at 847 (quoting Jones v. State, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992)).

          Vaccaro’s case presents a procedural
scenario opposite that presented in Willover, yet with the same result. 
Vaccaro offered a videotape containing admissible and inadmissible matters
rather than offering a redacted version of the videotape.  The court admitted
the evidence without limitation, and Vaccaro did not request a limiting
instruction when the evidence was admitted.  Cf. Hammock v. State, 46
S.W.3d 889, 894 (Tex. Crim. App. 2001) (“If a limiting instruction is to be
given, it must be given when the evidence is admitted to be effective.”).  “If
evidence is offered and challenged which contains [admissible and inadmissible
evidence], the trial court may safely admit it all or exclude it all,
and the losing party, no matter who he is, will be made to suffer on appeal the
consequences.”  Willover, 70 S.W.3d at 847 (quoting Jones, 843
S.W.2d at 492).

          Thus, we overrule Vaccaro’s fifth
issue.

Notice of Deadly-Weapon Issue

          Vaccaro contends in his sixth issue
that his right to due process was violated when the court submitted a
deadly-weapon question in the charge because the State did not give adequate
notice of its intent to seek a deadly-weapon finding.

          A defendant has a right to notice of
the State’s intent to seek a deadly-weapon finding.  Ex parte Huskins,
176 S.W.3d 818, 820 (Tex. Crim. App. 2005).  This right is “firmly rooted in
fundamental precepts of due process and due course of law.”  Villescas v.
State, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting Ex parte
Patterson, 740 S.W.2d 766, 774 n.7 (Tex. Crim. App. 1987)).

          Here, the indictment presented by the
grand jury did not contain a deadly-weapon allegation.  The State filed a
motion to amend the indictment to include a deadly-weapon allegation and to add
enhancement allegations on September 7, 2004.  The court heard the State’s
motion in a pretrial hearing on September 29.  Vaccaro objected to only the
proposed enhancement allegations.  The court granted the State’s motion to
amend, although the court did not interlineate the proposed amendments at that
time.  Voir dire was conducted on October 15, and the trial on the merits
started three days later.

          Vaccaro had at least two weeks’ notice
of the State’s intent to seek a deadly weapon finding.  Thus, his right to due
process was not violated by the timing of the State’s notice.  See Williams
v. State, 172 S.W.3d 730, 737 (Tex. App.—Fort Worth 2005, pet. ref’d) (8
days’ notice of intent to enhance punishment adequate); Richardson v. State,
170 S.W.3d 855, 857 (Tex. App.—Texarkana 2005, pet. ref’d) (11 days’ notice
adequate); Hackett v. State, 160 S.W.3d 588, 591 (Tex. App.—Waco 2005,
pet. ref’d) (minimum of 10 days’ notice required for enhancement allegations), disavowed
sub silentio by Villescas, 189 S.W.3d at 294.[2] 
Accordingly, we overrule Vaccaro’s sixth issue.

Ineffective Assistance

          Vaccaro contends in his seventh issue
that he received ineffective assistance of counsel.  We begin with a “strong
presumption” that counsel provided reasonably professional assistance, and Vaccaro
bears the burden of overcoming this presumption.  See Andrews v. State,
159 S.W.3d 98, 101 (Tex. Crim. App. 2005).  Generally, the appellate record is
insufficient to satisfy this burden.  Scheanette v. State, 144 S.W.3d
503, 510 (Tex. Crim. App. 2004).  If nothing in the record reveals the reason
for the act or omission which is the basis of an ineffective assistance
complaint, we may not speculate on that reason.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Jones v. State, 170 S.W.3d
772, 775 (Tex. App.—Waco 2005, pet. ref’d); Hajjar v. State, 176 S.W.3d
554, 567 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).

          Vaccaro did not raise this issue in a
motion for new trial.  Without a record elucidating the reasons for counsel’s acts
and omissions, Vaccaro has failed to overcome the “strong presumption” that
counsel provided reasonably professional assistance.  See Andrews, 159
S.W.3d at 101; Jones, 170 S.W.3d at 776-77; Hajjar, 176 S.W.3d at
567.  Thus, we overrule Vaccaro’s seventh issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed May 2, 2007

Do not publish

[CRPM]









[1]
          The first two issues (legal and
factual sufficiency) are presented in an appellant’s brief filed by counsel
whom Vaccaro retained about six months after trial and who represented Vaccaro
for about four months.  The remaining five issues are presented in a pro se
appellant’s brief Vaccaro filed during a period of about one year when he was
not represented by counsel.  After that, Vaccaro retained other counsel who
filed a supplemental brief providing additional argument and authority with
regard to the videotape issue.  The State has filed briefs in response to each
of the briefs filed on Vaccaro’s behalf.  We have renumbered the issues
presented in Vaccaro’s pro se brief to supplement the issues presented
in the brief filed by his former counsel.





[2]
          In Hackett, a majority of
this Court held that a defendant is entitled to a minimum of ten days’ notice
of the State’s intent to seek enhancement-of-punishment findings.  Hackett
v. State, 160 S.W.3d 588, 591 (Tex. App.—Waco 2005, pet. ref’d).  In Villescas,
the Court of Criminal Appeals “disavow[ed] the [El Paso] court’s attachment of
special significance to the time period of ten days.”  Villescas v. State,
189 S.W.3d 290, 294 (Tex. Crim. App. 2006).  Thus, less than ten days’ notice
may be sufficient depending on the circumstances of the case.