**David JONES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00044–CR.**

Court of Appeals of Texas, Waco.

July 20, 2005.

John A. Kuchera, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION ON PETITION FOR DISCRETIONARY REVIEW

BILL VANCE, Justice.

As authorized by Rule 50 of the Rules of Appellate Procedure, we issue this modi-

fied opinion within 30 days after Appellant filed a Petition for Discretionary Review. TEX.R.APP. P. 50.

## Introduction

Appellant David Jones, Jr. directly appeals his felony conviction for attempted burglary of a habitation (habitually enhanced). Punishment was assessed by the jury at 70 years in the Texas Department of Corrections.

In three issues, Jones alleges that his trial attorney rendered ineffective assistance of counsel by (1) failing to request a jury instruction on the lesser included offense of attempted criminal trespass, (2) failing to object to an instruction in the jury charge that allegedly instructed the jury that Appellant was charged with burglary, rather than attempted burglary, and (3) failing to object to the trial court's response to a jury note.[1]

### Strickland v. Washington

The legal standard set out in *Strickland v. Washington* applies to Jones's claim of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). To prevail on his claims, Jones must first show that his counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *see Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Specifically, Jones must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms. *Mitchell,* 68 S.W.3d at 642.

Second, Jones must show that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064 ("This [prejudice prong] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."). As explained in *Mitchell,* "[t]his means that the appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell,* 68 S.W.3d at 642. A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Mitchell,* 68 S.W.3d at 642.

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App.2001); *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim.App.2000). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *See Goodspeed v. State,* ─── S.W.3d ───, ───, 2005 WL 766996 at *2 (Tex.Crim.App. April 6, 2005); *Mitchell,* 68 S.W.3d at 642.

1. Jones, citing *Bone v. State,* acknowledges the presumption that trial counsel employed sound strategy cannot normally be overcome on direct appeal because the record will not contain evidence of the trial attorney's reasons for his conduct. *See Bone v. State,* 77 S.W.3d 828 (Tex.Crim.App.2002). He states that he nonetheless seeks to comply with this Court's directive that all appellate arguments be made that might "conceivably" persuade the Court. *See Taulung v. State,* 979 S.W.2d 854, 856 (Tex.App.-Waco 1998, no pet.).

Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation: "[i]n the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex.Crim. App.1999) (to defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness"); *see also Johnson v. State,* 68 S.W.3d 644, 655 (Tex.Crim.App.2002) ("[t]he record does not reveal defense counsel's reasons for not objecting to the prosecutor's comments. Given the presumption of effectiveness and the great deference we give to decisions made by defense counsel, we see nothing in the present record that would compel us to find counsel ineffective."); *Mitchell,* 68 S.W.3d at 642 ("[g]enerally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard. The reasonableness of counsel's choices often involves facts that do not appear in the appellate record. A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims.").

■ In the absence of evidence of trial counsel's reason for the challenged conduct, we assume a strategic reason for trial counsel's conduct, if one can be imagined. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001) ("an appellate court 'commonly will assume a strategic motivation if any can possibly be imagined,' and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.") (quoting 3 W. LAFAVE, ET AL., CRIMINAL

PROCEDURE § 11.10(c) (2d ed.1999) and citing *Thompson,* 9 S.W.3d at 814). But, if nothing in the record reveals trial counsel's reason, it is improper for us to speculate on it. *See Thompson,* 9 S.W.3d at 814; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). "A reviewing court can frequently speculate on both sides of an issue, but ineffective assistance claims are not built on retrospective speculation; rather, they must 'be firmly founded in the record.'" *Avila v. State,* 2003 WL 21513440 at *10 (Tex.Crim.App. July 2, 2003) (not designated for publication) (quoting *Bone,* 77 S.W.3d at 833).

### Analysis

Jones did not move for a new trial or request a post-verdict hearing on trial counsel's strategies. Thus, we do not have in the record before us Jones's trial attorney's reasons for the conduct at issue. Nevertheless, we will analyze Jones's claims to the extent possible.

### *Failure to request lesser included offense instruction*

■ Jones, who was convicted of attempted burglary of a habitation, asserts that his trial attorney was ineffective because he failed to request a jury instruction on the lesser included offense of attempted criminal trespass. Failure to request a jury instruction on a lesser included offense can render assistance of counsel ineffective if, under the particular facts of the case, the trial judge would have erred in refusing the instruction had counsel requested it. *Vasquez v. State,* 830 S.W.2d 948, 951 (Tex.Crim. App.1992). But the defendant bears the burden of overcoming the presumption that counsel's decision not to request the instruction could be considered sound trial strategy. *See Jackson,* 877 S.W.2d at 771–72.

■ Attempted criminal trespass can be a lesser included offense of attempted burglary. *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App.1985); *Waddell v. State*, 918 S.W.2d 91, 93 (Tex.App.-Austin 1996, no pet.). There was some evidence in the record that Jones's intent was not to enter the premises to commit a theft or a felony: Jeremy Cooper, a witness, testified that he heard Jones say, after police had arrived, that he was trying to look for a place to sleep. We thus conclude that the trial court would have erred in refusing a lesser included offense instruction for attempted criminal trespass.

The record, however, is devoid of why such an instruction was not requested. By comparison, in *Waddell,* the defendant's attorney testified at the hearing on the motion for new trial that he did not think that an instruction was available under the facts and the law. But he was wrong and that error amounted to ineffective assistance. *Waddell,* 918 S.W.2d at 94–95. In contrast, in *Sendejo v. State,* counsel was not ineffective where the defendant's attorney was made aware of the instruction's availability by the trial court, but with the defendant's assent, counsel instead chose to "roll the dice" with an "all-or-nothing" strategy. *Sendejo v. State,* 26 S.W.3d 676, 678–80 (Tex.App.-Corpus Christi 2000, pet. ref'd).

Without a record that reveals the reason why a request for an instruction on the lesser included offense of attempted criminal trespass was not requested, we cannot speculate whether Jones's trial counsel was ineffective as the attorney was in *Waddell* or employed an all-or-nothing strategy like the attorney in *Sendejo.*

### *Failure to object to instruction that Jones was charged with burglary, rather than attempted burglary*

■ Jones next asserts that his trial attorney was ineffective because he failed to object to the jury charge's instruction that Jones was charged with burglary, rather than attempted burglary. While there is less need for a reason for the attorney's failure to object, in making this complaint Jones's brief does not offer any argument that this failure prejudiced his defense. Tex.R.App. P. 38.1(h); *see Walder v. State,* 85 S.W.3d 824 (Tex.App.-Waco 2002, order).

### *Failure to object to the trial court's response to a jury note*

■ Lastly, Jones asserts that his trial attorney was ineffective because he failed to object to the trial court's response to a jury note. The jury requested the testimony of witness Jeremy Cooper because there was disagreement about whether Cooper saw Jones around 6:00 p.m. The trial court responded that there was no such testimony. This response arguably was incorrect (Cooper's testimony reveals that he did not see Jones at 6:00 p.m.—he only saw him around 11:30 p.m.) and a comment on the evidence, but in this instance Jones's trial attorney may have strategically decided not to object because hearing Cooper's testimony again would have reminded the jury that Cooper saw Jones at the scene of the offense near the time of the offense. Regardless, Jones's brief fails to provide an argument that this failure to object prejudiced his defense. *See id.*

### Conclusion

In this appeal, we have not decided that Jones did or did not receive effective assistance of counsel at trial. *See Thompson,* 9 S.W.3d at 814 ("We are not deciding on this direct appeal, therefore, that appellant did or did not receive the effective assistance of counsel during trial."). Instead, without a record revealing trial counsel's strategy or motivation, Jones has not de-

feated the strong presumption that his trial counsel's actions fell within the wide range of reasonable and professional assistance. *See id.* Thus, we overrule Jones's three issues without prejudice. *See Robinson v. State,* 16 S.W.3d 808, 813 n. 7 (Tex.Crim.App.2000) ("the proper procedure will be for the appellate court to overrule an appellant's Sixth Amendment claim without prejudice to appellant's ability to dispute counsel's effectiveness collaterally.").

The trial court's judgment and sentence are affirmed. Our opinion and judgment dated March 23, 2005, are withdrawn, and this opinion is substituted as the opinion of the court. TEX.R.APP. P. 50. Jones's Petition for Discretionary Review is dismissed by operation of law. *Id.*

Chief Justice GRAY concurs.