IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00126-CR

 

Billy Don Smith,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2006-1465-C2

 



MEMORANDUM  Opinion



 








            A jury convicted Billy Don Smith of
one count of aggravated sexual assault and three counts of indecency with a
child.  The court sentenced him to fifteen years’ imprisonment on each count. 
Smith contends in his sole issue that he received ineffective assistance of
counsel.  We will affirm.

            The complainant, who was eighteen at
the time of trial, testified that she was spending the night at Smith’s home on
the occasion in question.  Smith is her uncle.  He awakened her in the middle
of the night and led her to a nearby shed where he sexually assaulted her and
committed the other acts alleged in the indictment.

            Smith complains that his trial counsel
was ineffective because counsel failed to object to the hearsay testimony of
three witnesses to whom the complainant had told details about what Smith had
done to her.[1]

            The first of these witnesses was a
leader in the complainant’s youth group at church.  The youth group had gone to
a summer camp in Colorado.  This witness testified without objection that the
complainant had confided in a small group setting at camp that she had been
raped.  On cross-examination, Smith’s counsel elicited from the witness that
the complainant had said that the rapist was “Billy, a friend of their
family.”  Counsel further had her testify that she understood that the
complainant had been raped in a bedroom.  On redirect, the witness testified
without objection that she thought the complainant had been sexually abused,
thus implicitly vouching for the complainant’s credibility.

            The next witness about whom Smith
complains is the complainant’s mother.  She testified without objection that
her daughter told her after returning from youth camp that Billy had done
“something” to her.  She understood it to be “sexual in nature.”

            The third witness is the sheriff’s deputy
who conducted the investigation.  The deputy testified, similar to the
complainant, that she reported to him that Smith had awakened her and taken her
to a shed in the early morning hours and sexually assaulted her.  He testified
that he found the complainant to be “very, very believable.”

            Smith argues that counsel’s failure to
object to this testimony constitutes ineffective assistance because there was
“no conceivable basis for admission” of the testimony and it only served to
bolster the complainant’s testimony which was not supported by any physical
evidence.

            The State responds that counsel had a
legitimate strategy for not objecting to this testimony because counsel made
note of the discrepancies and inconsistencies in the various witnesses’ testimony
during closing argument in an effort to undermine the credibility of the
complainant and convince the jury that the State had failed to prove its case
beyond a reasonable doubt.

            We begin with a “strong presumption”
that counsel provided reasonably professional assistance, and Smith bears the
burden of overcoming this presumption.  See Andrews v. State, 159 S.W.3d
98, 101 (Tex. Crim. App. 2005).  Generally, the appellate record is
insufficient to satisfy this burden.  Scheanette v. State, 144 S.W.3d 503,
510 (Tex. Crim. App. 2004); Curry v. State, 222 S.W.3d 745, 754 (Tex. App.—Waco 2007, pet. ref’d).  If nothing in the record reveals the reason for the act
or omission which is the basis of an ineffective assistance complaint, we may
not speculate on that reason.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Curry, 222 S.W.3d at 754; Hajjar v. State,
176 S.W.3d 554, 567 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).

            Here, Smith did not file a motion for
new trial.  Thus, we have no record providing his trial counsel’s rationale for
failing to object to this testimony.  Without a record elucidating the reasons for
trial counsel’s failure to object, Smith has failed to overcome the “strong
presumption” that counsel provided reasonably professional assistance.  See
Andrews, 159 S.W.3d at 101; Jones v. State, 170 S.W.3d 772, 776-77 (Tex. App.—Waco 2005, pet. ref’d); Hajjar, 176 S.W.3d at 567.

Accordingly, we overrule Smith’s sole issue and
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed May 28, 2008

Do not publish

[CR25]

 









[1]
              Because the complainant was
thirteen years old at the time of the offenses, none of these witnesses
qualified as an outcry witness.  See Tex.
Code Crim. Proc. Ann. art. 38.072, § 1 (Vernon 2005) (outcry statute
applies to prosecution of offense “committed against a child 12 years of age or
younger”).








e officer’s
jurisdiction may arrest a person for a violation of Subtitle C, Title 7,
Transportation Code, only if the officer is listed in Subdivision (4), Article
2.12.  A peace officer making an arrest under this subsection shall as soon as
practicable after making the arrest notify a law enforcement agency having
jurisdiction where the arrest was made.  The law enforcement agency shall then
take custody of the person committing the offense and take the person before a
magistrate in compliance with Article 14.06.

 

Act of May 10, 1999, 76th Leg., R.S., ch. 210, §
2, 1999 Tex. Gen. Laws 686, 686-87 (amended 2005) (current version at Tex. Code Crim. Proc. Ann. art.
14.03(g) (Vernon Supp. 2005)).

          An “arrest” under article 14.03 is not
limited to a formal, custodial arrest.  See State v. Kurtz, 152
S.W.3d 72, 79-80 (Tex. Crim. App. 2004); see also Brother v. State, 166
S.W.3d 255, 260 (Tex. Crim. App. 2005) (approving of Terry stop made by
police officer outside of city limits).  Thus, the provisions of article 14.03
apply when an officer makes a Terry stop.  Id.

          In Brother, the Court of
Criminal Appeals held that under either article 14.03(d) or (g) a municipal
police officer has the authority to stop a driver outside of the city limits if
the officer has reasonable suspicion that the driver is driving while
intoxicated.  See Brother, 166 S.W.3d at 260.

          Here, Fulbright testified that, based on
the unidentified citizen’s report and his own observations, he suspected
Mitchell of driving while intoxicated.  Thus, he was authorized to stop
Mitchell under both subdivisions (d) and (g) of article 14.03, even though he
was outside the Venus city limits.  Id.  Accordingly, we overrule
Mitchell’s second point.

Reasonable Suspicion

          Mitchell contends in his first point
that Fulbright did not have reasonable suspicion because Fulbright stopped him
on the basis of uncorroborated information received from an unidentified
citizen.

            “We review the trial court’s ruling
for an abuse of discretion, giving ‘almost total deference to a trial court’s
determination of historical facts.’”  Welch v. State, 93 S.W.3d 50, 53 (Tex. Crim. App. 2002) (quoting Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997)).  When as here the underlying facts are undisputed and the court’s
findings do not turn on the credibility of a witness, we conduct a de novo
review.  See Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Johnson
v. State, 146 S.W.3d 719, 721 (Tex. App.—Texarkana 2004, no pet.); Davis v. State, 74 S.W.3d 90, 95 (Tex. App.—Waco 2002, no pet.).

          Because the citizen-informant’s
identity is unknown, the information he provided is treated as an anonymous tip.
 See Bilyeu v. State, 136 S.W.3d 691, 694-95 (Tex. App.—Texarkana 2004,
no pet.); State v. Fudge, 42 S.W.3d 226, 230 (Tex. App.—Austin 2001, no
pet.); State v. Garcia, 25 S.W.3d 908, 912-13 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

          “[A]n anonymous tip alone seldom
demonstrates the informant’s basis of knowledge or veracity inasmuch as
ordinary citizens generally do not provide extensive recitations of the basis
of their everyday observations and given that the veracity of persons supplying
anonymous tips is ‘by hypothesis largely unknown, and unknowable.’”  Alabama v. White, 496 U.S. 325, 329, 110 S. Ct. 2412, 2415, 110 L. Ed. 2d 301
(1990) (quoting Illinois v. Gates, 426 U.S. 213, 237, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983)).  “[H]owever, there are situations in which an
anonymous tip, suitably corroborated, exhibits ‘sufficient indicia of
reliability to provide reasonable suspicion to make the investigatory stop.’”  Florida v. J.L., 529 U.S. 266, 270, 120 S. Ct. 1375, 1378, 146 L. Ed. 2d 254
(2000) (quoting White, 496 U.S. at 327, 110 S. Ct. at 2414); accord
Pipkin v. State, 114 S.W.3d 649, 654 (Tex. App.—Fort Worth 2003, no pet.);
Hawes v. State, 125 S.W.3d 535, 538 (Tex. App.—Houston [1st Dist.] 2002, no
pet.); Garcia, 25 S.W.3d at 913.

          Reasonable suspicion, like probable
cause, is dependent upon both the content of information possessed by police
and its degree of reliability.  Both factors—quantity and quality—are
considered in the “totality of the circumstances—the whole picture,” United
States v. Cortez, 449 U.S. 411, 417, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621
(1981), that must be taken into account when evaluating whether there is
reasonable suspicion.  Thus, if a tip has a relatively low degree of
reliability, more information will be required to establish the requisite
quantum of suspicion than would be required if the tip were more reliable.

 

White,
496 U.S. at 330, 110 S. Ct. at 2416; accord Pipkin, 114 S.W.3d at 654; Fudge,
42 S.W.3d at 229-30.

          The Fort Worth Court has identified
the following factors from federal decisions as important in evaluating the
reliability of information received from an informant:

·                   
whether the informant
provides a detailed description of the wrongdoing;

 

·                   
whether the informant
observed the wrongdoing firsthand;

 

·                   
whether the informant places
himself in a position to be held accountable for the report;

 

·                   
whether the informant is
somehow connected with the police (e.g. a paid informant).

 

Pipkin,
114 S.W.3d at 655 (citing Gates, 462 U.S. at 234, 103 S. Ct. at 2330; United
States v. Sierra-Hernandez, 581 F.2d 760, 763 (9th Cir. 1978)) (other
citations omitted); accord Hawes, 125 S.W.3d at 538-39; Fudge, 42
S.W.3d at 230-32.

          Here, all four of these factors
suggest that the unidentified citizen-informant’s report “exhibits sufficient
indicia of reliability.”  The informant provided a detailed description of
Mitchell’s car and the reckless manner in which Mitchell was driving.  See
Pipkin, 114 S.W.3d at 655; Fudge, 42 S.W.3d at 232.  The informant
personally observed the manner in which Mitchell drove the car.  See Pipkin,
114 S.W.3d at 655.            The record reflects no connection between the
informant and the police.  See Pipkin, 114 S.W.3d at 655; Fudge,
42 S.W.3d at 232.  Perhaps most importantly, the informant placed himself in a
position to be easily identified by Fulbright and held accountable for his
report.  See Bilyeu, 136 S.W.3d at 696; Fudge, 42 S.W.3d at 232; Garcia,
25 S.W.3d at 913; State v. Sailo, 910 S.W.2d 184, 188 (Tex. App.—Fort
Worth 1995, pet. ref’d).

          Accordingly, the citizen-informant’s
report exhibits heightened indicia of reliability.  Thus, the level of
corroboration required under the totality of the circumstance to establish
reasonable suspicion is lessened.  See White, 496 U.S. at 330, 110 S. Ct. at 2416; Pipkin, 114 S.W.3d at 654; Fudge, 42 S.W.3d at 229-30.

          “[C]orroboration” in this sense does
not mean that the officer must personally observe the conduct that causes him
to reasonably suspect that a crime is being, has been, or is about to be
committed.  Rather, corroboration refers to whether the police officer, in
light of the circumstances, confirms enough facts to reasonably conclude that
the information given to him is reliable and a temporary detention is
justified.   

 

Pipkin,
114 S.W.3d at 654 (citing Sailo, 910 S.W.2d at 189); see also White,
496 U.S. at 330-32, 110 S. Ct. at 2416-17; Bilyeu, 136 S.W.3d at 696;
Garcia, 25 S.W.3d at 913.

          Observation of “easily obtained facts
and conditions” (such as identifying information) will not generally provide
the requisite corroboration.  See White, 496 U.S. at 332, 110 S. Ct. at 2417; Bilyeu, 136 S.W.3d at 696.  However, the officer need not personally
witness criminal activity, for “even innocent acts can give rise to reasonable
suspicion under certain circumstances.”  Bilyeu, 136 S.W.3d at 696; accord
Brother, 166 S.W.3d at 258-59 (“argument that an officer must personally
witness facts giving rise to criminal activity is against the great weight of
authority”).

          Here, the citizen-informant reported
to Fulbright “that a tan-colored, four-door sedan with an American flag in the
back window had almost sideswiped him” and that the driver was “possibly
intoxicated.”  Fulbright promptly located a car matching this description and
observed the driver weaving within his lane of travel.  He testified that he
stopped the car because he suspected the driver may be intoxicated based on the
citizen’s report and his own observations.

          In light of the heightened indicia of
reliability arising from the circumstances of the unidentified
citizen-informer’s report, Fulbright’s observations under the totality of the
circumstances were sufficient to corroborate the report and provide reasonable
suspicion to stop Mitchell’s car.  See Bilyeu, 136 S.W.3d at 697-98; Fudge,
42 S.W.3d at 232; Garcia, 25 S.W.3d at 913-14; Sailo, 910 S.W.2d at
189.  Accordingly, we overrule Mitchell’s first point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray joins no part of this
opinion but concurs in affirming the trial court’s judgment.  Brother v.
State, 166 S.W.3d 255 (Tex. Crim. App. 2005)).

Affirmed

Opinion delivered and
filed January 18, 2006

Publish

[CR25]