

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00017-CR

**SAMUEL LOY GRAHAM, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 05-02232-CRM-CCL1

## MEMORANDUM  OPINION

A jury found Samuel Loy Graham, Jr. guilty of possession of marijuana in an amount less than two ounces.  The trial court sentenced Graham to 180 days in jail and a $2,000 fine, with the sentence being suspended for one year of community supervision and $1,500 of the fine probated.

Graham's appellate counsel filed an *Anders* brief presenting two potential issues that he determined are without merit.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Although informed of his right to do so, Graham did not

file a *pro se* brief or response. The State did not file a brief. We will affirm.

In an *Anders* case, we must, "after a full examination of all the proceedings, []
decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400;
*accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*,
996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25
S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd); *see generally Villanueva v. State,* 209
S.W.3d 239, 243-44 (Tex. App.—Waco 2006, no pet.). An appeal is "wholly frivolous" or
"without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486
U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). Arguments are
frivolous if they "cannot conceivably persuade the court." *Id*. at 426, 108 S.Ct. at 1901.
An appeal is not frivolous if based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

Appellate counsel first addresses whether the evidence is legally and factually
sufficient to support the conviction and concludes that it is sufficient. When reviewing
a challenge to the legal sufficiency of the evidence to establish the elements of a penal
offense, we must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Adelman v. State,* 828 S.W.2d 418, 422
(Tex. Crim. App. 1992). Any inconsistencies in the evidence are resolved in favor of the
verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask whether a neutral review of all the
evidence, though legally sufficient, demonstrates either that the proof of guilt is so

weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7.

The State was required to prove beyond a reasonable doubt that Graham knowingly or intentionally possessed a usable quantity of marijuana in an amount of two ounces or less. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003). The Court of Criminal Appeals has provided the following explanation for the "so-called 'affirmative links' rule":

> [I]n a possession of a controlled substance prosecution, "the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. This is the so-called "affirmative links" rule which protects the innocent bystander—a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to someone else's drugs. Mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs. However, presence or proximity, when combined with other evidence, either direct or circumstantial (*e.g.*, "links"), may well be sufficient to establish that element beyond a reasonable doubt. It is, as the court of appeals correctly noted, not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial.

*Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006) (quoting *Evans v. State*, 185 S.W.3d 30, 34 (Tex. App.—San Antonio 2005)) (footnotes omitted). Thus, there must be

direct or circumstantial evidence establishing that Graham exercised control, management, or care over the controlled substance and knew it was contraband. *See id.* at 161-62.

The evidence showed that Bryan police officers were attempting to serve warrants on a person who, according to an anonymous tip, was at Graham's residence. After the officers knocked, a small child opened the door. Sergeant Thane testified that he immediately noticed the odor of burnt marijuana. Although Graham refused consent for the officers to enter and search the residence, they entered and found a half-smoked marijuana cigar on the entertainment center. Sergeant Thane said that Graham admitted that the marijuana cigar was his. At trial, Graham testified that the marijuana did not belong to him, but he admitted that it was in his home and that he had admitted to the officers that it belonged to him.

We agree with counsel that sufficiency of the evidence is not an issue that might arguably support an appeal.

Graham's appointed counsel next addresses whether prosecutorial misconduct caused reversible error. During Sergeant Thane's testimony, the prosecutor asked the trial judge if she could "have just a moment to inform the officer of a needed fact" and that she needed to "take him outside for a second." Graham's trial attorney did not object to this action, and the record does not indicate what the conversation was between the prosecutor and witness. Prosecutorial misconduct must be preserved by a timely objection for appellate review. *See* TEX. R. APP. P. 33.1(a); *Perkins v. State*, 902 S.W.2d 88, 96 (Tex. App.—El Paso 1995, no pet.). Because the possible misconduct was

not preserved, we agree with counsel that it is not an issue that might arguably support an appeal.

We have also conducted an independent review of the record, and because we find this appeal to be wholly frivolous,[1] we affirm the judgment. Counsel must send Graham a copy of our decision by certified mail, return receipt requested, at Graham's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Graham of his right to file a *pro se* petition for discretionary review. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva*, 209 S.W.3d at 249. We grant counsel's motion to withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurs in the judgment to the extent it grants the motion to withdraw and affirms the judgment of the trial court. He does not join the opinion. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed October 28, 2009
Do not publish
[CR25]

---

[1] We note that trial counsel's failure to object to the possible prosecutorial misconduct does not arguably support an appeal asserting ineffective assistance of counsel because the appellate record in this case does not evidence the reasons for trial counsel's conduct, and because the possible deficiency could have been the subject of trial strategy not revealed by the record. *See Jones v. State,* 170 S.W.3d 772, 776-77 (Tex. App.—Waco 2005, pet. ref'd).