NO. 07-10-00128-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
22, 2011

 



 

DAVID JONES, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 54TH DISTRICT COURT OF MCLENNAN
COUNTY;

 

NO. 2003-964-C2; HONORABLE MATT JOHNSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, David Jones, Jr., appeals
from the trial court’s order denying his motion for post-conviction DNA
testing.[1]  He maintains that the trial court erred by
basing its denial on erroneous conclusions. 
We will affirm.

Factual and Procedural History

            In
2004, appellant was convicted of attempted burglary of a habitation[2]
and sentenced to 70 years’ imprisonment. 
The State alleged, and the jury found, that appellant had used a knife
in an attempt to gain entry to the house at 1104 Kellum
Street in Waco, Texas.  The Tenth Court
of Appeals affirmed his conviction.  See
Jones v. State, 170 S.W.3d 772 (Tex.App.—Waco
2005, pet. ref’d) (mem.
op.).

            In
January 2010, Jones filed a motion for DNA testing, seeking testing of the
knife alleged to have been used in connection with the offense.  In his motion and in his brief to this Court,
appellant maintains that he did not own the knife nor did he attempt to enter
the dwelling located at 1104 Kellum.  He admits to being at the scene at the time
but explains that he was trying to get into the vacant house next door to sleep
there.  The trial court denied
appellant’s motion.

            Appellant
timely appealed the trial court’s order denying his motion and now brings to this Court two points of error, asserting that the trial
court erroneously concluded that (1) identity was not an issue in the
underlying case and (2) appellant failed to show that exculpatory results from
DNA testing would have resulted in appellant not being convicted.  We will affirm.

Applicable Law and Standard of Review

            Motions
for post-conviction DNA testing are subject to the requirements of the
following provision, among others:

(a) A convicting court may order forensic DNA testing under this
chapter only if:

(1) the court finds that: 

(A) the evidence:

(i) still
exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient
to establish that it has not been substituted, tampered with, replaced, or
altered in any material respect; and

(B) identity was or is an issue in the case;
and

(2) the convicted person establishes by a
preponderance of the evidence that:

(A) the person would not have been convicted
if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing
is not made to unreasonably delay the execution of sentence or administration
of justice.

Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)–(2).

            When
reviewing a trial court’s order on a defendant’s motion for DNA testing, we
afford almost total deference to the trial court’s determination of issues of
historical fact and application-of-law-to-fact issues that turn on credibility
and demeanor, while we review de novo other application-of-law-to-fact
issues.  Routier v. State, 273
S.W.3d 241, 246 (Tex.Crim.App. 2008); Rivera v.
State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002).  Under this standard, we defer to the trial court’s
findings when reviewing appellant’s contentions, the credibility of appellant’s
affidavit, and whether the claimed DNA evidence exists and is in a condition to
be tested.  See Rivera, 89
S.W.3d at 59; Yarbrough v. State, 258 S.W.3d 205, 208 (Tex.App.—Waco 2008, no pet.).  Although we review subsidiary fact issues
deferentially, we review de novo ultimate questions of law, such as whether a
reasonable probability exists that exculpatory DNA results would prove innocence.  See Rivera, 89 S.W.3d at 59; Cate v. State, 326 S.W.3d 388, 389 (Tex.App.—Amarillo 2010, no pet.).

 

Analysis

Identity as an issue

            The
trial court found that, at trial, three witnesses positively identified
appellant as the person attempting to break into the residence at 1104 Kellum.  The State
cites to evidence that the witnesses knew appellant from prior business-related
dealings.  Further, the trial court found
that appellant was arrested at the scene. 
Deferring to the trial court’s finding, it is apparent that appellant
was at the scene.  He admits such in his
motion and his brief.  He denies,
however, having used the knife to pry open the windows of the residence in
question.  In both his motion and brief,
appellant maintains that he was only in the area to gain entry to the vacant
house next door so that he could sleep there. 
He maintains that DNA testing would show that he never handled the knife
in question and, therefore, did not use it to try to gain entry into the
residence at 1104 Kellum, and he further asserts that
the results of DNA testing would show that witnesses were lying about seeing
him undertake such actions.

            That
being the state of the contentions, the trial court’s conclusion that identity
was not and is not an issue in this case is well-founded.  The issues appellant raises are not ones of
identity.  He does not point to evidence
that, as he was attempting to break into the house at 1100 Kellum,
another person was attempting to gain entry into the residence next door at
1104 Kellum. 
He does not assert that witnesses mistakenly identified him as that
person who was attempting to break into the residence at 1104 Kellum.  That is,
this is not a case of mistaken identity. 
As appellant’s own account and representations suggest, this is a case
of denying having done what witnesses say he did.  The issues appellant hopes to resolve through
DNA testing are ones related to intent, conduct, and credibility of the
witnesses.  That identity could become an issue pending the
results of the requested DNA testing is irrelevant.  See Bell v. State, 90 S.W.3d 301, 308 (Tex.Crim.App.
2002).

            The
issue of identity as it pertains to Chapter 64 is not raised solely by a plea
of not guilty.  Prible v. State, 245
S.W.3d 466, 470 (Tex.Crim.App. 2008).  From the limited record before us, it appears
identification of appellant was not controverted at
trial.  We add that it would appear that
appellant did not challenge the identity issue on direct appeal.  See Jones, 170 S.W.3d at 774; see
also Wilson v. State, 185 S.W.3d 481, 485 (Tex.Crim.App.
2006) (observing that, in number of proceedings, appellant never challenged the
issue of identity).  Appellant’s motion
does not cite evidence that would suggest this was a case of misidentification;
he merely asserts that he was trying to break into the residence next door and
did not use the knife to pry open the window on the residence at issue.  By failing to show that identity was or is an
issue in the underlying case, appellant has failed to satisfy this
requirement.  See Tex. Code Crim. Proc. Ann. art. 64.03 (a)(1)(B).  The trial
court did not err by concluding that identity was and is not an issue in this
case.

Impact of Exculpatory Results

            Even
if we were to accept appellant’s assertion that his denial of the actions
raised the issue of identity,[3]
he fails to satisfy another of article 64.03’s requirements.  In his brief, appellant asserts that he
“know[s] for a fact that he would not [have] been found guilty of” the offense
if the knife had been subject to DNA testing. 
More specifically, appellant maintains that DNA testing on the knife
would reveal that he did not use the knife to try to gain entry through the
window at 1104 Kellum.  Testing would reveal that none of his DNA was
on the knife, he asserts.  Rather, the
results of DNA testing would show someone else’s DNA and would prove that the
other person was the true perpetrator of the crime.  We disagree with appellant’s contentions.

            It
was incumbent on appellant to show by a preponderance of the evidence that, if
the results of the DNA testing showed what he desired the testing show, he
would not have been convicted of the offense alleged.  See Tex.
Code Crim. Proc. Ann. art.
64.03 (a)(2)(A); Sepeda
v. State, 301 S.W.3d 372, 375–76 (Tex.App.—Amarillo
2009, pet. denied).  This means that,
under article 64.03, “[t]he defendant must prove that, had the results of the
DNA test been available at trial, there is a 51% chance that the defendant
would not have been convicted.”  Routier, 273 S.W.3d at 257 (quoting Smith v.
State, 165 S.W.3d 361, 364 (Tex.Crim.App.
2005)).  For purposes of this inquiry, we
assume, without deciding, that the results of all of the post-conviction DNA
testing to which appellant is entitled would prove favorable to him.  Id. 
We must then determine whether there is a greater than 50% chance that
the jury hearing the case would not have convicted him had it been aware of
those presumptively favorable test results. 
Id.

            The
absence of appellant’s DNA on the knife or the presence of another person’s DNA
on the knife is not affirmative evidence of appellant’s innocence.  See Prible,
245 S.W.3d at 470 (citing Bell, 90 S.W.3d at 306, for its observation
that mere presence of another person’s DNA at crime scene does not constitute
affirmative evidence of defendant’s innocence). 
Even if DNA testing revealed that appellant’s DNA was not present on the
knife and that another person’s DNA was
present, such results would fail to create a reasonable inference that another
person was there at the scene using the knife to try to gain entry to one
residence as appellant tried to gain entry to the residence next door.  See id. (concluding
that, in light of other evidence, presence of third-party DNA would not
establish by a preponderance of the evidence that appellant would not have been
convicted).  “[I]f DNA testing would not
determine the identity of the person who committed the offense or would not
exculpate the accused, then the requirement of Article 64.03(a)(2)(A) has not been met.” 
Id.

            The
trial court concluded that, if DNA from another person were found on the knife,
“such would not prove that [appellant] did not use the same to try to
burglarize the house or exonerate him in any way.”  Assuming that DNA testing would yield the
results proposed by appellant, those results would, at most, “merely muddy the
waters,” and, generally, such a showing is insufficient.  See Rivera, 89
S.W.3d at 59; Yarbrough, 258 S.W.3d at 210.  So, the trial court did not err by concluding
that appellant failed to show by a preponderance of the evidence that
exculpatory results would have meant that the jury would not have convicted
him.

            Because
appellant has failed to satisfy the requirements of article 64.03 that would
entitle him to DNA testing of the knife, we overrule his points of error.[4]

Conclusion

            Having
overruled appellant’s points of error, we affirm the trial court’s order
denying appellant’s motion for post-conviction DNA testing.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do
not publish.  











[1]
See
Tex. Code Crim. Proc.
Ann. arts. 64.01–.05 (West 2007 & Supp. 2010).

 





[2]
See
Tex. Penal Code Ann. §§ 15.01, 30.02 (West 2003).





[3] We are cognizant of the holding outlined in Blacklock v. State, 235 S.W.3d 231, 233 (Tex.Crim.App. 2007), and reaffirmed, perhaps modified, in Esparza
v. State, 282 S.W.3d 913, 922 (Tex.Crim.App.
2009), that the victim’s testimony that she knew appellant and identified him
as her attacker was irrelevant to the inquiry whether appellant’s motion for
DNA testing made identity an issue when “language and legislative history of
Article 64.03(a)(1)(B) make it very clear that a defendant, who requests DNA
testing, can make identity an issue by showing that exculpatory DNA tests would
prove his innocence.”  Because Blacklock is factually distinguishable from our case
in that Blacklock involved testing of a DNA
sample known to be available and because we will conclude, independent of any
eyewitness identification, that appellant also has failed to satisfy the
“exculpatory results” requirement of article 64.03(a)(2)(A),
we do not believe our conclusion conflicts with Blacklock’s
holding in this regard.

 

            However, if Blacklock does not merge the two inquiries at issue
here–identity as an issue and the impact of exculpatory results–it, at least,
points to a close relation between those two issues.  Given Blacklock’s
treatment of these two issues, we will address both of appellant’s contentions.






[4] The State also points out that appellant failed to
sufficiently allege in his motion that the knife could not have been tested at
the time of trial.  See Tex. Code Crim. Proc. Ann. art. 64.01(b);
Leal v. State, 303 S.W.3d 292, 295 (Tex.Crim.App.
2009).  Due to our disposition of
the points appellant raises, we need not address the
merits of the State’s position on these facts. 
We note only that a failure to make a sufficient showing of the
requirements under article 64.01(b) may serve as an independent basis for
denying appellant’s motion for post-conviction DNA testing.  See Routier,
273 S.W.3d at 249–51.