NO. 07-10-00128-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2011

DAVID JONES, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 54TH DISTRICT COURT OF MCLENNAN COUNTY;

NO. 2003-964-C2; HONORABLE MATT JOHNSON, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, David Jones, Jr., appeals from the trial court's order denying his motion for post-conviction DNA testing.[1] He maintains that the trial court erred by basing its denial on erroneous conclusions. We will affirm.

Factual and Procedural History

In 2004, appellant was convicted of attempted burglary of a habitation[2] and sentenced to 70 years' imprisonment. The State alleged, and the jury found, that

---

[1] See TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2007 & Supp. 2010).

appellant had used a knife in an attempt to gain entry to the house at 1104 Kellum Street in Waco, Texas. The Tenth Court of Appeals affirmed his conviction. See Jones v. State, 170 S.W.3d 772 (Tex.App.—Waco 2005, pet. ref'd) (mem. op.).

In January 2010, Jones filed a motion for DNA testing, seeking testing of the knife alleged to have been used in connection with the offense. In his motion and in his brief to this Court, appellant maintains that he did not own the knife nor did he attempt to enter the dwelling located at 1104 Kellum. He admits to being at the scene at the time but explains that he was trying to get into the vacant house next door to sleep there. The trial court denied appellant's motion.

Appellant timely appealed the trial court's order denying his motion and now brings to this Court two points of error, asserting that the trial court erroneously concluded that (1) identity was not an issue in the underlying case and (2) appellant failed to show that exculpatory results from DNA testing would have resulted in appellant not being convicted. We will affirm.

Applicable Law and Standard of Review

Motions for post-conviction DNA testing are subject to the requirements of the following provision, among others:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

_____

[2] See TEX. PENAL CODE ANN. §§ 15.01, 30.02 (West 2003).

2

(i) still exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and

(B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)–(2).

When reviewing a trial court's order on a defendant's motion for DNA testing, we afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues. Routier v. State, 273 S.W.3d 241, 246 (Tex.Crim.App. 2008); Rivera v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). Under this standard, we defer to the trial court's findings when reviewing appellant's contentions, the credibility of appellant's affidavit, and whether the claimed DNA evidence exists and is in a condition to be tested. See Rivera, 89 S.W.3d at 59; Yarbrough v. State, 258 S.W.3d 205, 208 (Tex.App.—Waco 2008, no pet.). Although we review subsidiary fact issues deferentially, we review de novo ultimate questions of law, such as whether a reasonable probability exists that exculpatory DNA results would prove innocence. See Rivera, 89 S.W.3d at 59; Cate v. State, 326 S.W.3d 388, 389 (Tex.App.—Amarillo 2010, no pet.).

Analysis

Identity as an issue

The trial court found that, at trial, three witnesses positively identified appellant as the person attempting to break into the residence at 1104 Kellum. The State cites to evidence that the witnesses knew appellant from prior business-related dealings. Further, the trial court found that appellant was arrested at the scene. Deferring to the trial court's finding, it is apparent that appellant was at the scene. He admits such in his motion and his brief. He denies, however, having used the knife to pry open the windows of the residence in question. In both his motion and brief, appellant maintains that he was only in the area to gain entry to the vacant house next door so that he could sleep there. He maintains that DNA testing would show that he never handled the knife in question and, therefore, did not use it to try to gain entry into the residence at 1104 Kellum, and he further asserts that the results of DNA testing would show that witnesses were lying about seeing him undertake such actions.

That being the state of the contentions, the trial court's conclusion that identity was not and is not an issue in this case is well-founded. The issues appellant raises are not ones of identity. He does not point to evidence that, as he was attempting to break into the house at 1100 Kellum, another person was attempting to gain entry into the residence next door at 1104 Kellum. He does not assert that witnesses mistakenly identified him as that person who was attempting to break into the residence at 1104 Kellum. That is, this is not a case of mistaken identity. As appellant's own account and representations suggest, this is a case of denying having done what witnesses say he

4

did. The issues appellant hopes to resolve through DNA testing are ones related to intent, conduct, and credibility of the witnesses. That identity *could* become an issue pending the results of the requested DNA testing is irrelevant. See Bell v. State, 90 S.W.3d 301, 308 (Tex.Crim.App. 2002).

The issue of identity as it pertains to Chapter 64 is not raised solely by a plea of not guilty. Prible v. State, 245 S.W.3d 466, 470 (Tex.Crim.App. 2008). From the limited record before us, it appears identification of appellant was not controverted at trial. We add that it would appear that appellant did not challenge the identity issue on direct appeal. See Jones, 170 S.W.3d at 774; see also Wilson v. State, 185 S.W.3d 481, 485 (Tex.Crim.App. 2006) (observing that, in number of proceedings, appellant never challenged the issue of identity). Appellant's motion does not cite evidence that would suggest this was a case of misidentification; he merely asserts that he was trying to break into the residence next door and did not use the knife to pry open the window on the residence at issue. By failing to show that identity was or is an issue in the underlying case, appellant has failed to satisfy this requirement. See TEX. CODE CRIM. PROC. ANN. art. 64.03 (a)(1)(B). The trial court did not err by concluding that identity was and is not an issue in this case.

Impact of Exculpatory Results

Even if we were to accept appellant's assertion that his denial of the actions raised the issue of identity,[3] he fails to satisfy another of article 64.03's requirements. In

---

[3] We are cognizant of the holding outlined in Blacklock v. State, 235 S.W.3d 231, 233 (Tex.Crim.App. 2007), and reaffirmed, perhaps modified, in Esparza v. State, 282

his brief, appellant asserts that he "know[s] for a fact that he would not [have] been found guilty of" the offense if the knife had been subject to DNA testing. More specifically, appellant maintains that DNA testing on the knife would reveal that he did not use the knife to try to gain entry through the window at 1104 Kellum. Testing would reveal that none of his DNA was on the knife, he asserts. Rather, the results of DNA testing would show someone else's DNA and would prove that the other person was the true perpetrator of the crime. We disagree with appellant's contentions.

It was incumbent on appellant to show by a preponderance of the evidence that, if the results of the DNA testing showed what he desired the testing show, he would not have been convicted of the offense alleged. See TEX. CODE CRIM. PROC. ANN. art. 64.03 (a)(2)(A); Sepeda v. State, 301 S.W.3d 372, 375–76 (Tex.App.—Amarillo 2009, pet. denied). This means that, under article 64.03, "[t]he defendant must prove that, had the results of the DNA test been available at trial, there is a 51% chance that the defendant would not have been convicted." Routier, 273 S.W.3d at 257 (quoting Smith v. State, 165 S.W.3d 361, 364 (Tex.Crim.App. 2005)). For purposes of this inquiry, we assume,

_____

S.W.3d 913, 922 (Tex.Crim.App. 2009), that the victim's testimony that she knew appellant and identified him as her attacker was irrelevant to the inquiry whether appellant's motion for DNA testing made identity an issue when "language and legislative history of Article 64.03(a)(1)(B) make it very clear that a defendant, who requests DNA testing, can make identity an issue by showing that exculpatory DNA tests would prove his innocence." Because Blacklock is factually distinguishable from our case in that Blacklock involved testing of a DNA sample known to be available and because we will conclude, independent of any eyewitness identification, that appellant also has failed to satisfy the "exculpatory results" requirement of article 64.03(a)(2)(A), we do not believe our conclusion conflicts with Blacklock's holding in this regard.

However, if Blacklock does not merge the two inquiries at issue here–identity as an issue and the impact of exculpatory results–it, at least, points to a close relation between those two issues. Given Blacklock's treatment of these two issues, we will address both of appellant's contentions.

without deciding, that the results of all of the post-conviction DNA testing to which appellant is entitled would prove favorable to him.  Id.  We must then determine whether there is a greater than 50% chance that the jury hearing the case would not have convicted him had it been aware of those presumptively favorable test results.  Id.

The absence of appellant's DNA on the knife or the presence of another person's DNA on the knife is not affirmative evidence of appellant's innocence.  See Prible, 245 S.W.3d at 470 (citing Bell, 90 S.W.3d at 306, for its observation that mere presence of another person's DNA at crime scene does not constitute affirmative evidence of defendant's innocence).  Even if DNA testing revealed that appellant's DNA was not present on the knife and that another person's DNA *was* present, such results would fail to create a reasonable inference that another person was there at the scene using the knife to try to gain entry to one residence as appellant tried to gain entry to the residence next door.  See id. (concluding that, in light of other evidence, presence of third-party DNA would not establish by a preponderance of the evidence that appellant would not have been convicted).  "[I]f DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then the requirement of Article 64.03(a)(2)(A) has not been met."  Id.

The trial court concluded that, if DNA from another person were found on the knife, "such would not prove that [appellant] did not use the same to try to burglarize the house or exonerate him in any way."  Assuming that DNA testing would yield the results proposed by appellant, those results would, at most, "merely muddy the waters," and, generally, such a showing is insufficient.  See Rivera, 89 S.W.3d at 59; Yarbrough, 258

7

S.W.3d at 210. So, the trial court did not err by concluding that appellant failed to show by a preponderance of the evidence that exculpatory results would have meant that the jury would not have convicted him.

Because appellant has failed to satisfy the requirements of article 64.03 that would entitle him to DNA testing of the knife, we overrule his points of error.[4]

### Conclusion

Having overruled appellant's points of error, we affirm the trial court's order denying appellant's motion for post-conviction DNA testing.

Mackey K. Hancock
Justice

Do not publish.

---

[4] The State also points out that appellant failed to sufficiently allege in his motion that the knife could not have been tested at the time of trial. See TEX. CODE CRIM. PROC. ANN. art. 64.01(b); Leal v. State, 303 S.W.3d 292, 295 (Tex.Crim.App. 2009). Due to our disposition of the points appellant raises, we need not address the merits of the State's position on these facts. We note only that a failure to make a sufficient showing of the requirements under article 64.01(b) may serve as an independent basis for denying appellant's motion for post-conviction DNA testing. See Routier, 273 S.W.3d at 249–51.