**Opinion issued November 9, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00247-CR

————————————

**DESIREE LYNN JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 19th District Court
McLennan County, Texas[1]
Trial Court Case No. 2021-1410-C1**

---

**MEMORANDUM OPINION**

---

[1]   Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* Misc. Docket No. 23–9017 (Tex. Mar. 21, 2023); *see also* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases); TEX. R. APP. P. 41.3.

After appellant, Desiree Lynn Johnson, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession of a controlled substance: namely methamphetamine, weighing less than one gram,[2] the trial court deferred adjudication of her guilt, placed her on community supervision for four years, and assessed a fine of $750.00. The State, alleging numerous violations of the conditions of appellant's community supervision, later moved to adjudicate her guilt. After a hearing, the trial court found the allegations true, found appellant guilty, and assessed her punishment at confinement for twenty-four months and a fine of $750.00. In three issues, appellant contends that the trial court erred in not giving her an opportunity to present "punishment evidence" before adjudicating her guilty and imposing her sentence and her trial counsel provided her with ineffective assistance of counsel.

We affirm.

## Background

On May 20, 2022, appellant pleaded guilty to the felony offense of possession of a controlled substance: namely methamphetamine, weighing less than one gram.[3] The trial court deferred adjudication of appellant's guilt and placed her on

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b).

[3] *See id.*

community supervision, subject to certain conditions, which stated that appellant must:

1. Neither commit nor be convicted of any offense against the laws of [the] State of Texas, or any other State in the United States and report any arrest to the Adult Probation Officer within ten days[.]

. . . .

12. Submit to and pay the fee for drug and alcohol testing . . . .

. . . .

16. Pay the costs and fees of th[e] cause to the District Clerk of McLennan County, Texas at the rate of $25.00 per month, beginning 60 days from the date of probation, with a like amount to be paid each consecutive month thereafter on the same day of each month until said amount is paid in full. . . . The Court assesses all court appointed attorney's fees, investigator's fees, and interpreter's fees as costs in th[e] cause and Orders [appellant] to pay the same. . . .

17. Pay the sum of $60.00 to the McLennan County Community Supervision and Corrections Department each month during said term of probation said sum to be used in the administration of Adult Probation as provided by law.

18. Pay the sum of $65.00 to the McLennan County Community Supervision and Corrections Department to defray the cost of the Pre-Sentence Investigation at the rate of $5.00 per month, beginning 60 days from the date of probation with a like amount to be paid each consecutive month thereafter on the same day of each month until said amount is paid in full.

19. Participate in a community[-]based program by contributing through the McLennan County Community Supervision and Corrections Department, the sum of $25.00 to Crimestoppers, Inc. within 30 days from the date of probation.

3

. . . .

26.     Pay the $750.00 fine through the McLennan County Community Supervision and Corrections Department at the monthly rate of $25.00 per month, beginning 60 DAYS from the date of probation, with a like amount to be paid each consecutive month thereafter until said amount is paid in full.

. . . .

29.     . . . [A]ttend and complete the Texas Drug Offender Education Program offered through the McLennan County Community Supervision and Corrections Department. [Appellant] must begin within 90 days from the date of probation, complete the program within 180 days, and pay a fee of $90.00. If [appellant] is disenrolled from the assigned school, [appellant] will be required to pay a fee of $50.00 for each additional school assigned.

. . . .

32.     . . . [A]ttend, participate and successfully complete the McLennan County Community Supervision and Corrections Department's Cognitive Education – Substance Abuse Program. [Appellant] must pay the program fee of $350.00 and if disenrolled from the program, []she will be required to pay a fee of $100.00 for each additional enrollment.

. . . .

34.     . . . [S]ubmit to an alcohol/drug evaluation conducted by the McLennan County CSCD Treatment Program and follow all recommendations of the evaluation to include outpatient and/or residential treatment. [Appellant] shall be required to pay $25.00 for the cost of the evaluation within 30 days of the evaluation.

35.     . . . [M]ake full reparation in the amount of $180.00 to be paid through the McLennan County Community Supervision and Corrections Department in favor of the Texas Department of

4

Public Safety at the rate of $5.00 per month, beginning IMMEDIATELY with a like amount to be paid each month thereafter until said amount is paid in full. . . .

On September 2, 2022, the State moved to adjudicate appellant's guilt, alleging that appellant had violated eleven conditions of her community supervision by:

1.  On or about August 15, 2022, committ[ing] the subsequent offense of Falsification of Drug Test Results in McLennan County, Texas.

2.  Fail[ing] to pay the Court Costs assessed by th[e] Court, to-wit: [Appellant] failed to pay $962.00 in Court [C]osts as ordered by th[e] Court. . . .

3.  Fail[ing] to pay the sum of $60.00 to the Adult Probation Department of McLennan County, Texas, each month during the term of probation[,] to-wit: [Appellant] failed to pay []her monthly Probation fee. . . .

4.  Fail[ing] to pay the sum of $5.00 to the Adult Probation Department of McLennan County, Texas, each month during the term of probation, to-wit: [Appellant] failed to pay []her monthly Pre-Sentence Investigation fee. . . .

5.  Fail[ing] to pay the sum of $25.00 to the Adult Probation Department of McLennan County, Texas[,] to-wit: [Appellant] failed to pay []her Crime Stoppers fee. . . .

6.  Fail[ing] to pay the fine assessed against []her by the Court, to-wit: [Appellant] failed to pay the $750.00 fine assessed at the rate of $25.00 per month, as ordered by th[e] Court. . . .

7.  Fail[ing] to pay the sum of $90.00 to the Adult Probation Department of McLennan County, Texas[,] to-wit: [Appellant] failed to pay []her Drug School fee. . . .

5

8. Fail[ing] to pay the Screening Fee in the amount of $25.00 as ordered by th[e] Court. . . .

9. Fail[ing] to pay restitution through the Adult Probation Department, to-wit: [Appellant] was ordered by th[e] Court to make restitution in the amount of $180.00 through the Adult Probation Department of McLennan County, Texas, at a rate of $5.00, and continuing in a like amount each month thereafter until the full amount was paid. . . .

10. Fail[ing] to pay the Cognitive Education Substance Abuse Program Fee in the amount of $350.00 as ordered by th[e] Court. . . .

11. Fail[ing] to pay the sum of $9.50 to the Adult Probation Department of McLennan County, Texas each month during the term of probation[,] to-wit: [Appellant] failed to pay []her monthly Urine Analysis [F]ee. . . .

On February 23, 2023, the trial court held a hearing on the State's motion to adjudicate guilt, during which appellant pleaded "true" to the allegations in the State's motion. After the hearing, the trial court found all the allegations true, found appellant guilty, and assessed her punishment at confinement for twenty-four months and a fine of $750.00.

**Punishment Hearing**

In her first issue, appellant argues that the trial court erred in not allowing her an "opportunity to present punishment evidence" before assessing her punishment at confinement for twenty-four months and a fine of $750.00 because a trial "court must conduct a separate second phase to determine punishment" after finding true an allegation of a violation of a condition of community supervision.

After the trial court adjudicates a defendant guilty during a hearing on the State's motion to adjudicate, the defendant "is entitled to a punishment hearing," and "the trial [court] must allow the [defendant] the opportunity to present evidence." *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (emphasis and internal quotations omitted); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (emphasis omitted); *see also* TEX. CODE OF CRIM. PROC. ANN. art. 42A.110(a). Although a defendant is entitled to a punishment hearing after an adjudication of guilt, this right can be waived. *Vidaurri*, 49 S.W.3d at 885–86. To preserve a complaint that the trial court erred in failing to hold a punishment hearing, a defendant must timely object or file a motion for new trial if she was not afforded the opportunity to object. *See* TEX. R. APP. P. 33.1(a); *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008) (objection is timely if it is made as soon as the ground for the objection becomes apparent); *Vidaurri*, 49 S.W.3d at 885–86; *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *see also Meserve v. State*, No. 10-12-00415-CR, 2013 WL 5773347, at *2 (Tex. App.—Waco Oct. 24, 2013, no pet.) (mem. op., not designated for publication).

Here, at the hearing on the State's motion to adjudicate, appellant did not object to the trial court's failure to allow her to present punishment evidence or hold a punishment hearing. To the extent that appellant asserts in her briefing that she was not afforded the opportunity to object and present punishment evidence at the

hearing, we note that appellant did not file a motion for new trial raising her complaint. Thus, we hold that appellant waived her right to a punishment hearing and appellant's complaint is not preserved for appellate review. *See, e.g.*, *Smith v. State*, No. 10-07-00075-CR, 2008 WL 2133057, at \*2 (Tex. App.—Waco May 21, 2008, no pet.) (mem. op., not designated for publication).

### Ineffective Assistance of Counsel

In her second issue, appellant argues that her trial counsel rendered ineffective assistance of counsel because he failed to request a separate punishment hearing, object to the trial court's failure to sua sponte conduct a separate punishment hearing, or "request a separate punishment [hearing] through a motion for new trial." In her third issue, appellant argues that her trial counsel rendered ineffective assistance of counsel because he did not "challenge the implicit finding that [a]ppellant had the ability to pay her court costs and fine."

The Sixth Amendment to the United States Constitution guarantees the right to the reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. VI; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also* TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05; *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986) (test for ineffective assistance of counsel same under both federal and state constitutions). To prove a claim of ineffective assistance of counsel, appellant must show that (1) her trial counsel's

8

performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Appellant has the burden to establish both prongs of the *Strickland* test by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "[A]ppellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697.

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (internal quotations omitted).

9

Notably, the trial record alone is rarely sufficient to show ineffective assistance. *Williams v. State*, 526 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Generally, a silent record that provides no explanation for trial counsel's actions will not overcome the strong presumption of reasonable assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see also Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007) (noting "presumption that trial counsel's performance was reasonably based in sound trial strategy"). Thus, because the reasonableness of trial counsel's decision often involves facts that do not appear in the record, the Texas Court of Criminal Appeals has stated that trial counsel should ordinarily be given an opportunity to explain his actions before a court reviews the record and determines that counsel was ineffective. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Where, as here, trial counsel was not given an opportunity to explain his actions, "the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593 (internal quotations omitted); *accord Williams*, 526 S.W.3d at 583.

In her second issue, appellant argues that her trial counsel rendered ineffective assistance of counsel because he, at the hearing on the State's motion to adjudicate appellant's guilt, failed to request a separate punishment hearing or object to the trial court's failure to sua sponte conduct a separate punishment hearing. Further,

appellant asserts that her trial counsel rendered ineffective assistance of counsel because he did not "request a separate punishment [hearing] through a motion for new trial."

In the absence of evidence of trial counsel's reason for the complained-of conduct, we assume a strategic reason for trial counsel's conduct, if one can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *Grammar v. State*, 268 S.W.3d 774, 778 (Tex. App.—Waco 2008), *aff'd*, 294 S.W.3d 182 (Tex. Crim. App. 2009). Here, the record is silent as to why appellant's trial counsel did not request a separate punishment hearing, did not object to the trial court's failure to conduct a separate punishment hearing, and did not raise a complaint about the lack of a punishment hearing in a motion for new trial. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (where record is silent as to why defendant's trial counsel failed to object, appellant failed to rebut presumption that it was reasonable decision); *Grammar*, 268 S.W.3d at 778; *see also Henderson v. State*, Nos. 10-07-00030-CR, 10-07-00031-CR, 2008 WL 598430, at *2–3 (Tex. App.—Waco Mar. 5, 2008, no pet.) (mem. op., not designated for publication) (where defendant asserted trial counsel provided ineffective assistance by failing to object to trial court's failure to hold separate punishment hearing or allow defendant to present punishment evidence, holding without record revealing trial counsel's

strategy or motivation, defendant did not defeat strong presumption that counsel's actions fell within wide range of reasonable professional assistance).

Because the record in this case does not evidence the reasons for trial counsel's conduct and because the alleged deficiencies in counsel's performance could have been the subject of trial strategy not revealed by the record, we hold that appellant has not established that her trial counsel's actions fell outside of the wide range of reasonable professional assistance.[4] *See Mallett v. State*, 65 S.W.3d 59, 68 (Tex. Crim. App. 2001) ("We conclude that the Court of Appeals erred in holding that [defendant's] attorney was ineffective when the record provided no explanation for the motivation behind counsel's decisions. Each 'deficiency' of counsel claimed by the appellate court could have been an exercise of reasonable professional judgment."); *Osorio v. State*, 994 S.W.2d 249, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) ("Due to the lack of evidence in the record concerning trial counsel's reasons for the[] alleged acts of ineffectiveness, we are unable to conclude that [defendant's] trial counsel's performance was deficient.").

---

[4]    Here, we cannot say that trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Ortiz v. State*, Nos. 13-14-00521-CR, 13-14-00522-CR, 2015 WL 5626174, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2015, no pet.) (mem. op., not designated for publication) (where defendant asserted trial counsel rendered ineffective assistance for failing to present punishment evidence before trial court assessed punishment after adjudicating her guilty, explaining record did not reflect why trial counsel did not present punishment evidence and trial counsel's conduct was not so outrageous that no competent attorney would have engaged in it).

We overrule appellant's second issue.

In her third issue, appellant argues that her trial counsel rendered ineffective assistance of counsel because he did not "challenge the [trial court's] implicit finding that [a]ppellant had the ability to pay her court costs and fine."

As previously stated, to prove a claim of ineffective assistance of counsel, appellant must show that (1) her trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694; *Lopez*, 343 S.W.3d at 142. Appellant has the burden to establish both prongs of the *Strickland* test by a preponderance of the evidence. *Jackson*, 973 S.W.2d at 956. "[A]ppellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams*, 301 S.W.3d at 687; *see also Strickland*, 466 U.S. at 697.

Related to appellant's third issue, we need not address whether appellant's trial counsel's performance fell below an objective standard of reasonableness when counsel did not "challenge the [trial court's] implicit finding that [a]ppellant had the ability to pay her court costs and fine" because even were we to conclude that trial counsel's performance was deficient, appellant, in her brief, does not argue that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88, 694;

13

*Lopez*, 343 S.W.3d at 142; *see also Ford v. State*, No. 01-17-00213-CR, 2018 WL 1473948, at *5 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, no pet.) (mem. op., not designated for publication) (concluding no need to address first *Strickland* prong, where appellant did not adequately brief second *Strickland* prong); *Jones v. State*, 170 S.W.3d 772, 776 (Tex. App.—Waco 2005, pet. ref'd) (not addressing merits of defendant's ineffective-assistance-of-counsel complaint where defendant's brief did not offer any argument that counsel's purportedly deficient performance prejudiced his defense).

In order to assert an issue on appeal, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). And an appellant waives an issue on appeal if she does not adequately brief that issue, i.e., by presenting supporting arguments, substantive analysis, and citation to authorities. *See id.*; *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000); *Wilson v. State*, 473 S.W.3d 889, 901 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). Although appellant asserts that her trial counsel was ineffective for not "challeng[ing] the [trial court's] implicit finding [at the hearing on the State's motion to adjudicate] that [a]ppellant had the ability to pay her court costs and fine," her brief contains no argument, substantive analysis, or citation to authorities to show that the result of the proceeding would have been different but

14

for her trial counsel's purported error.  *See Strickland*, 466 U.S. at 687–88, 694; *Lopez*, 343 S.W.3d at 142; *see also Ford*, 2018 WL 1473948, at *5.  Accordingly, we hold that appellant has waived her third issue due to inadequate briefing.  *See Armendariz v. State*, No. 11-18-00361-CR, 2021 WL 2470337, at *4 (Tex. App.—Eastland June 17, 2021, pet. ref'd) (mem. op., not designated for publication) ("The failure to brief both prongs [of the *Strickland* test] has been deemed to be a waiver of a claim for ineffective assistance of counsel."); *Ford*, 2018 WL 1473948, at *5.

## Conclusion

We affirm the judgment of the trial court.



Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).